IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PIER FRANCESCO GROSSI,<br>Via Fra. D. Bunovicini 5,<br>53132 Florence (Firenze) Italy,<br><br>Defendants. | ) | No. |

## COMPLAINT

Plaintiff, the United States of America, at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 3711(g)(4)(C), and at the direction of the Attorney General of the United States, brings this civil action to collect the penalties assessed against the Pier Francesco Grossi for his failure to report his interest in a foreign bank account for calendar year 2008. In support of this action, the United States alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) as the defendant is not a resident of the United States.

## PARTIES

3. The plaintiff is the United States of America.

4. Pier Francesco Grossi ("Grossi") is currently a citizen and resident of Italy.

## PIER GROSSI WILLFULLY FAILED TO REPORT HIS INTEREST IN TWO FOREIGN FINANCIAL ACCOUNTS

5. All citizens and residents of the United States who have a financial interest in, or signatory or other authority over, any foreign financial account that had a maximum value of greater than $10,000 during the calendar year are required to file an annual report disclosing the existence of each account. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350.

6. The annual report, known as a Report of Foreign Bank and Financial Accounts ("FBAR") for a calendar year is due no later than June 30 of following the calendar year. 31 C.F.R. § 1010.306(c).

7. All persons who are required to file Schedule B with their federal income tax returns (Forms 1040) are required to disclose on Schedule B of their Form 1040 whether at any time during the year they had a financial interest in or signatory authority over a financial account located in a foreign country.

8. This matter involves Grossi's willful failure to file FBARs for calendar year 2008.

9. From his birth until 2011, Grossi was a United States and Italian citizen.

10. Grossi lived in the United States from 1957 to 1961. Since 1961, Grossi has resided in Italy. Grossi has visited the United States, sometimes for several weeks at a time, using his U.S. passport. His children have also received U.S. citizenship by virtue of being born to a U.S. citizen.

11. For calendar year 2008, Grossi knew he had a requirement to file FBARs. He had filed FBARs in 1993, 1994, and 1995.

12. Grossi filed an income tax return for tax year 2008. On Schedule B of that tax return Grossi denied having "an interest in or a signature or other authority over a financial account in a foreign country . . . ."

13. Grossi, however, held an interest in and signatory authority over at least two foreign financial accounts in 2008.

14. The first account was held at Union Bank of Switzerland ("UBS") through the Razzoli Foundation ("Razzoli Account"). The Razzoli Foundation is a stiftung (or foreign trust) formed under the laws of Liechtenstein. Grossi was listed as the sole beneficial owner of the Razzoli Foundation, and he had signature authority over the Razzoli Account.

15. The Razzoli Account held more than $10,000 in 2008. In 2008, the highest monthly balance in the account was $7,632,183.

16. By October 2008, Grossi had closed the Razzoli Account and transferred the remaining funds to a different foreign bank.

17. The second account was held at UBS through Imperial Enterprise Overseas, Inc., a Panamanian corporation ("Imperial Account"). Grossi had signatory authority over the Imperial Account.

18. The Razzoli Account held more than $10,000 in 2008. In 2008, the highest monthly balance in the account was $1,107,594.

19. The Imperial Account was closed by the end of 2008.

20. On October 13, 2010, Grossi sent a letter to the Internal Revenue Service, seeking to disclose his offshore holdings as part of a voluntary compliance program.

21. Grossi subsequently stopped communicating with the Service. The Service later rejected Grossi from the voluntary compliance program.

22. On August 11, 2011, Grossi renounced his United States citizenship.

23. In 2014, the Service asked Grossi to provide a copy of his FBARs for the year 2008 as well as supporting documentation for those FBARs. Grossi refused to file the FBARs for 2008 for either the Razzoli Account or the Imperial Account.

## CLAIM FOR RELIEF

24. Grossi was subject to the reporting requirements contained in 31 U.S.C. § 5314 for calendar year 2008. Grossi was a United States citizen; he had an interest in and signatory authority over the Razzoli Account and Imperial Account; and the balance of the two accounts exceeded $10,000 during calendar year 2008.

25. Grossi violated the reporting requirements of 31 U.S.C. § 5314 because he failed to file an FBAR for calendar year 2008 regarding his interest in the two account.

26. Section 5321(a)(5) provides for civil penalties for the failure to comply with the reporting requirements of section 5314. 31 U.S.C. §§ 5314, 5321(a)(5).

27. Grossi's failure to comply with the reporting requirements was willful under 31 U.S.C. § 5321(a)(5). Grossi failed to report his interest in various foreign accounts. He failed to list the foreign income generated by these accounts on his income tax returns or acknowledge the account's existence on his Schedule B. After initially entering into a voluntary compliance program, he stopped complying with the program's requirements and ultimately renounced his citizenship.

28. On June 12, 2015, a delegate of the Secretary of the Treasury assessed a civil penalty against Grossi under 31 U.S.C. § 5321(a)(5) in the amount of $200,000. This amount consisted of two penalties of $100,000, one for each of the two accounts where Grossi failed to file an FBAR for the year 2008.

29. A delegate of the Secretary of the Treasury gave notice of the assessment of the FBAR penalty to Grossi and demanded payment of the assessment from him.

30. Despite the notice and demand for payment, Grossi has failed to pay the FBAR penalty assessed against him.

31. Interest and penalties have accrued and will continue to accrue on the assessments described in paragraph 28, above, pursuant to 31 U.S.C. § 3717. The amount owed as of December 2, 2016, including interest and penalties, was $216,800. Interest and penalties will continue to accrue on this amount from the date until paid.

//

//

//

//

32. Accordingly, the United States is entitled to a judgment against Grossi in the amount of $216,800 as of December 2, 2016.

WHEREFORE, the Plaintiff, the United States of America, respectfully prays as follows:

A. That the Court enter judgment in favor of the United States and against Pier Francesco Grossi, in the amount of $216,800 for the penalty assessed against him under 31 U.S.C. § 5321(a)(5), accrued interest on such penalty, late-payment penalties as allowed by law from December 2, 2016, to the date of payment; and

B. That the Court award such other and further relief, including the costs of this action, as may be deemed just and proper under the circumstances.

Date: June 2, 2017

DAVID A. HUBBERT
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

/s/ Ari D. Kunofsky
ARI D. KUNOFSKY
Trial Attorney
United States Department of Justice
PO Box 227
Washington DC, 20044
Tel: (202) 353-9187
Fax: (202) 514-6866
ari.d.kunofsky@usdoj.gov
*Attorney for the United States*